UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF TYLER S. RUSHING, et al.,

Plaintiffs,

v.

AG PRIVATE PROTECTION, INC., et al.,

Defendants.

No. 2:18-cv-01692-MCE-AC

**ORDER**

By way of this action, Plaintiffs seek to recover for injuries sustained as a result of a fatal altercation between Tyler S. Rushing ("Decedent") and various named Defendants, which include employees of a private security firm as well as members of the Chico Police Department and the Butte County Sheriff's Office (generally referred to as "Defendants"). The Court previously denied a Motion for Summary Adjudication (ECF No. 23) brought by Plaintiffs as to the discrete issue of whether one Defendant, Officer Alex Fliehr, ("Officer Fliehr") used excessive force when he used his taser against Decedent after Decedent had been shot. ECF No. 35. Presently before the Court is Plaintiffs' Motion for Reconsideration of that Order. ECF No. 36. For the following reasons, the Motion for Reconsideration is DENIED as well.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties "may be revised at any time before the entry of judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). "The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pyramid, 882 F.2d at 369 n.5 (internal quotations and citations omitted).

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

///
///
///
///
///

Plaintiffs do not point the Court to any basis for revisiting its prior decision. Although they clearly disagree with the Court's order, that disagreement is not based on an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Pyramid, 882 F.2d at 369 n.5. Plaintiffs' Motion for Reconsideration (ECF No. 36) is thus DENIED.

IT IS SO ORDERED.

Dated:  May 19, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3