UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF TYLER S. RUSHING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AG PRIVATE PROTECTION, INC., et al.,<br><br>Defendants. | No. 2:18-cv-01692-MCE-AC<br><br>**ORDER** |

By way of this action, Plaintiffs sought to recover for injuries sustained as a result of a fatal altercation between Tyler S. Rushing ("Decedent")[1] and the following groups of Defendants: (1) AG Security Protection, Inc. ("AG"), and AG security guard and supervisor Edgar Sanchez ("Sanchez") (collectively the "Security Defendants"); (2) the City of Chico (the "City"), the Chico Police Department ("Chico PD"), Chico PD Sergeant Scott Ruppel, and Officers Cedric Schwyzer, Alex Fliehr, and Jeremy Gagnebin (collectively the "City Defendants"); and (3) the County of Butte (the "County"), the Butte County Sheriff's Office ("Sheriff's Office"), and Deputy Sheriff Ian Dickerson (collectively the "County Defendants"). On July 22, 2020, the Court entered judgment in favor of Defendants. Presently before the Court are three separate Bills of Costs submitted by

---

[1] Plaintiffs are Decedent's estate and his parents, Scott K. Rushing and Paula L. Rushing.

1

1   each set of Defendants.  ECF Nos. 67-69.

2       The Court declines to award costs.  See Escriba v. Foster Poultry Farms, Inc.,
743 F.3d 1236, 1247-48 (9th Cir. 2014) ("Appropriate reasons for denying costs include:
(1) the substantial public importance of the case, (2) the closeness and difficulty of the
issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited
financial resources, and (5) the economic disparity between the parties."); Save Our
Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (holding "that the district court
abused its discretion in rejecting a losing civil rights plaintiff's motion to deny costs to the
defendant without considering: (1) the plaintiff's limited financial resources and (2) the
chilling effect on future civil rights litigants of imposing high costs").  Each of the factors
weighs against taxing costs against these civil rights plaintiffs, who have limited financial
resources when compared to Defendants.  Moreover, taxing costs would likely chill
future litigation in such difficult and important cases.  Accordingly, the Court concludes
that awarding Defendants their costs in this case would be inappropriate.

    IT IS SO ORDERED.

Dated:  August 12, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE